IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD RAMOS HERNANDEZ,<br><br>Defendant | CRIMINAL NUMBER. 24- 252 (ADC)<br><br>INDICTMENT<br><br>TWENTY COUNTS<br>Count 1: 18 USC § 157<br>Counts 2-5: 18 USC § 152(1)<br>Counts 6-14: 18 USC § 152(3)<br>Count 15-17: 18 USC § 1014<br>Count 18: 18 USC § 1344<br>Count 19-20: 18 USC § 1028A |

**THE GRAND JURY CHARGES:**

<u>COUNT ONE</u>
**(Bankruptcy Fraud, 18 U.S.C. § 157)**

At all times relevant to this Indictment:

<u>General Allegations</u>

1. A voluntary bankruptcy case is begun by the filing of a bankruptcy petition, and the person who files that petition is a "debtor" under federal bankruptcy law. The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

2. Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his or her financial circumstances, including, among other things, assets, liabilities, income, and any increase in income. Disclosable assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in the name of another person or entity on behalf of the debtor. A bankruptcy "estate" is created upon the filing of a bankruptcy petition,

1

which is a collective reference to all legal or equitable interests of the debtor in property. The estate includes all property in which the debtor has an interest, even if it is owned or held by another person.

3. The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms, including but not limited to, the "Schedules of Assets and Liabilities," and a "Statement of Financial Affairs." These, and other forms, are signed and submitted by the debtor under penalty of perjury.

4. In a Chapter 13 bankruptcy case, a trustee is assigned to the bankruptcy case, he or she is responsible for the administration of the debtor's bankruptcy estate, including, but not limited to, the identification and valuation of assets and the distribution of payments to creditors. All debtors are required to attend a Section 341 Meeting of Creditors, at which the debtor is placed under oath by the bankruptcy trustee and questioned about his or her financial affairs, including, but not limited to, the bankruptcy petition, the Schedules of Assets and Liabilities, and the Statement of Financial Affairs.

5. Chapter 13 of the Bankruptcy Code provides debtors with an opportunity to propose a plan for the repayment of debts to creditors, over time, at least as much as the creditors would have received if the debtor's assets were liquidated. A discharge depends upon the debtor's disclosure of a true and accurate picture of his or her financial affairs.

6. Debtors have a continuing obligation, during the term of the plan, to report to the bankruptcy court, thru the pertinent motion or amendment to schedules, any change to their financial/economic circumstances, particularly income increase or decreases and the acquisition of assets by whatever means.

7. Smart Energy General Contractors LLC was a limited liability company registered on June 12, 2018, with the Puerto Rico Department of State, that performed and provided construction related services to private and government clients.

8. All Market and Bakery LLC was a limited liability company registered on February 11, 2015, with the Puerto Rico Department of State and operated as an establishment in the Municipality of Humacao that produced and sold baked goods, food, beverages, and convenience related products.

9. On or about January 4, 2019, defendant RICHARD RAMOS HERNANDEZ filed and caused the filing of a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Puerto Rico, in the proceeding titled *In re: RICHARD RAMOS HERNANDEZ*, Case No. 19-00021(ESL) (the "Bankruptcy Petition").

10. On or about January 4, 2019, defendant RICHARD RAMOS HERNANDEZ filed and caused the filing of documents relating to his Bankruptcy Petition, including a Statement of Financial Affairs, Summary of Assets and Liabilities, Schedule A/B (Property), Schedule I (Income), among other documents. The defendant signed and submitted these documents under penalty of perjury.

11. On or about March 7, 2019 and July 2, 2019, defendant RICHARD RAMOS HERNANDEZ attended the Section 341 Meetings of Creditors and testified under oath regarding his financial affairs in connection with the bankruptcy proceedings.

12. On or about August 26, 2019, defendant RICHARD RAMOS HERNANDEZ filed and caused the filing of an amended Schedule I & J, with a Declaration About an Individual Debtor's Schedules under penalty of perjury. The defendant signed, declared, and submitted under penalty of perjury that he had read the schedules and that they were true and correct.

13. On or about August 26, 2019, defendant RICHARD RAMOS HERNANDEZ filed and caused the filing of an amended Schedule A/B, with a Declaration About an Individual Debtor's Schedules under penalty of perjury. The defendant signed, declared, and submitted under penalty of perjury that he had read the schedules and that they were true and correct.

14. On or about August 26, 2019, defendant RICHARD RAMOS HERNANDEZ filed and caused the filing of an amended Statement of Financial Affairs. The defendant signed and declared under penalty of perjury that the answers contained therein were true and correct.

15. On or about August 27, 2019, defendant RICHARD RAMOS HERNANDEZ filed and caused the filing of a second amended Schedule A/B, with a Declaration About an Individual Debtor's Schedules under penalty of perjury. The defendant signed, declared, and submitted under penalty of perjury that he had read the schedules and that they were true and correct.

16. On or about May 6, 2024, defendant RICHARD RAMOS HERNANDEZ received a discharge under Chapter 13 and the case was closed on May 20, 2024.

## The Scheme to Defraud

17. Beginning on or about January 4, 2019, and continuing through on or about May 20, 2024, in the District of Puerto Rico, defendant RICHARD RAMOS HERNANDEZ devised a scheme and artifice to defraud by means of materially false and fraudulent pretenses and representations as part of a bankruptcy proceeding.

## Manner and Means of the Scheme to Defraud

18. It was part of the scheme and artifice to defraud that defendant RICHARD RAMOS HERNANDEZ filed and caused to be filed false and fraudulent schedules of Assets and Liabilities, Schedules A/B, Income, Statement of Financial Affairs (SOFA) and other documents, which he signed, caused to be signed, and submitted as true and correct, under penalty of perjury, in which the defendant intentionally omitted and concealed material facts and provided materially false and misleading information.

19. It was further part of the scheme and artifice to defraud that during the course of the bankruptcy proceedings defendant RICHARD RAMOS HERNANDEZ concealed the ownership, operation, control, and income received, from Smart Energy General Contractors LLC.

20. It was further part of the scheme and artifice to defraud that during the course of the bankruptcy proceeding, defendant RICHARD RAMOS HERNANDEZ failed to disclose income received from Smart Energy General Contractors LLC, a company which had been awarded contracts with the municipalities of Canovanas and Ceiba exceeding $800,000.00.

21. It was further part of the scheme and artifice to defraud that during the course of the bankruptcy proceedings, defendant RICHARD RAMOS HERNANDEZ concealed the ownership, operation, control, and income received, from All Market and Bakery LLC.

22. It was further part of the scheme and artifice to defraud that during the course of the bankruptcy proceedings defendant RICHARD RAMOS HERNANDEZ further concealed property, income, and failed to disclose to the trustee charged with control and administration of the debtor's estate, and from the creditors and the United States Trustee, all of the bankruptcy estate during the course of his bankruptcy proceedings.

23. From on or about January 4, 2019, and continuing through May 20, 2024, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

**RICHARD RAMOS HERNANDEZ,**

having devised and intending to devise a scheme and artifice to defraud, and for the purpose of executing and concealing such scheme and artifice, made materially false and fraudulent representations as part of a bankruptcy proceeding under Title 11.

All in violation of Title 18, United States Code, Section 157.

### COUNTS TWO THROUGH FIVE
### (Bankruptcy Fraud – Concealment, 18 U.S.C. § 152(1))

24. Paragraphs 1 through 22 are hereby realleged and incorporated as if set forth in full herein.

25. On or about the dates set forth below, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

**RICHARD RAMOS HERNANDEZ,**

did knowingly and fraudulently conceal from the trustee charged with control and administration of the debtor's estate and from the creditors and the United States Trustee, the following property belonging to the estate in Bankruptcy Case No. 19-00021(ESL):

| COUNT | FROM on or about | TO on or about | PROPERTY CONCEALED |
|---|---|---|---|
| 2 | January 4, 2019 | May 20, 2024 | Ownership Interest in All Market and Bakery LLC |
| 3 | January 4, 2019 | May 20, 2024 | Ownership Interest in Smart Energy General Contractors LLC |
| 4 | January 4, 2019 | May 20, 2024 | Income received from All Market and Bakery LLC |
| 5 | January 4, 2019 | May 20, 2024 | Income received from Smart Energy General Contractors LLC |

Each Count a separate and distinct violation of Title 18, United States Code, Section 152(1).

### COUNTS SIX THROUGH FOURTEEN
(False Statement Under Penalty of Perjury in a Bankruptcy Case, 18 U.S.C. § 152(3))

26. Paragraphs 1 through 22 are hereby realleged and incorporated as if set forth in full herein.

27. On or about each of the dates set forth below, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

**RICHARD RAMOS HERNANDEZ,**

did knowingly and fraudulently make materially false declarations, certificates, verifications, and statements under penalty of perjury, as provided under section 1746 of Title 28, in and in relation to a case under Title 11, namely *In re RICHARD RAMOS HERNANDEZ*, Bankruptcy Case No. 19-00021(ESL), in the United States Bankruptcy Court for the District of Puerto Rico, as follows:

| COUNT | DATE On or about | DOCUMENT | FALSE STATEMENT |
|---|---|---|---|
| 6 | August 26, 2019 | Schedule A/B, Part 4: Do you own or have any legal or equitable interest in any of the following? 19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture | No |
| 7 | August 26, 2019 | Schedule I, Question 8, Net income… from operating a business… | $    0.00 |
| 8 | August 26, 2019 | Schedule I, Question 10, Calculate monthly income | $3,500.00 |
| 9 | August 26, 2019 | Declaration About an Individual Debtor's Schedules | Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct. |
| 10 | August 26, 2019 | Statement of Financial Affairs for Individuals Filing for Bankruptcy, Question 27: Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business? | Disclosed:<br>- RR Corp Humacao – Closed in 2014<br>- RR Corp – Closed in 2014<br>- RR Guayama Corp – Closed in 2014<br>Failed to disclose:<br>- All Market and Bakery LLC<br>- Smart Energy General Contractors LLC |
| 11 | August 26, 2019 | Statement of Financial Affairs for Individuals Filing for Bankruptcy | I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty |

| | | | |
|---|---|---|---|
| | | | of perjury that the answers are true and correct. |
| 12 | August 27, 2019 | Schedule A/B, Part 4, Question 17: Do you own or have any legal or equitable interest in any of the following? Deposits of money | Yes. Bank account in coop a/c Oriental closed for inactivity $1.00 |
| 13 | August 27, 2019 | Schedule A/B, Part 4: Do you own or have any legal or equitable interest in any of the following? 19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture | No |
| 14 | August 27, 2019 | Declaration About an Individual Debtor's Schedules | Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct. |

Each Count a separate and distinct violation of Title 18, United States Code, Section 152(3).

## COUNTS FIFTEEN THROUGH SEVENTEEN
### (False Statement on Loan and Credit Applications, 18 U.S.C. § 1014)

At all times relevant to this Indictment:

28. Paragraphs 8 through 22 are hereby realleged and incorporated as if set forth in full herein.

### General Allegations

29. The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic.

30. The SBA oversaw the PPP. However, individual PPP loans were issued by private, approved lenders who received and processed PPP applications and supporting documentation, and then made loans using the lenders' own funds, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan. As per SBA rules, all loans were processed by lenders under delegated authority and lenders were permitted to rely on certifications of the borrower in order to determine eligibility of the borrower and the use of loan proceeds.

31. To obtain a PPP loan, a qualifying business had to submit a PPP loan application to an SBA participating lender, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan.

32. As part of the PPP loan application, the business (through its authorized representative) had to disclose, among other things, the following:

    a. All owners of 20% or more of the equity of the applicant business,
    b. If any owner of the applicant business was involved in any bankruptcy,
    c. If any owner of the applicant business was an owner of any other business or had any common management with any other business.

33. As further part of the PPP loan application, the business (through its authorized representative) had to certify, among other things, the following:

    a. That economic uncertainty at the time of application made the loan request necessary to support the operations of the business,
    b. That the funds would be used to retain workers and maintain payroll,

    c. That the information provided in the application and the information provided in all supporting documents and forms was true and accurate in all material respects and that it understood that knowingly making a false statement to obtain a guaranteed loan from SBA is punishable under the law, including "… if submitted to a federally insured institution, under 18 USC 1014".

34. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing or jewelry, to pay the borrower's personal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

35. On or about April 30, 2020, a PPP Loan Application on behalf of All Market and Bakery LLC was submitted through a third-party participating lender in the PPP and a federally insured financial institution as defined in 18 U.S.C. § 20. The application was approved on May 1, 2020, and the funds were disbursed to All Market and Bakery LLC on May 11, 2020.

36. On or about April 30, 2020, as part and in support of the PPP Loan Application, a Promissory Note was submitted on behalf of All Market and Bakery LLC.

37. To receive PPP Loan Forgiveness a borrower must complete and submit the Loan Forgiveness Application (SBA Form 3508EZ) and supporting documents to its lender. The lender will review the application and make a decision regarding loan forgiveness.

38. If the lender determines that the borrower is entitled to forgiveness of some or all of the amount applied for under the statute and applicable regulations, the lender must request payment from SBA at the time the lender issues its decision to SBA.

39. In or about March 2021, All Market and Bakery LLC submitted a Loan Forgiveness Application through a third-party participating lender in the PPP and a federally insured financial institution as defined in 18 U.S.C. § 20. The Forgiveness Application was approved, and the Small Business Administration remitted to the Lender $15,000.00 and $134.58 in interest on or about March 30, 2021.

40. On or about each of the dates set forth below, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

**RICHARD RAMOS HERNANDEZ,**

aided and abetted by others, knowingly made a false statement for the purpose of influencing the action of a federally insured financial institution as defined in 18 U.S.C. § 20, in connection with a Paycheck Protection Program loan application, when in truth and in fact, as the defendant well knew it was false, as follows:

| COUNT | DATE | DOCUMENT | FALSE STATEMENT |
|---|---|---|---|
| 15 | April 30, 2020 | Borrower Application Form | Defendant falsely claimed that M.M.T. owned 100% of the business. |
| 16 | April 30, 2020 | Borrower Application Form | Defendant falsely answered "no" when asked to disclose if the applicant or any owner of the applicant was presently involved in any bankruptcy. |
| 17 | April 30, 2020 | Borrower Application Form | Defendant falsely certified that "the information provided in this application and the information provided in all supporting documents and forms is true and accurate in all material respects." |

Each Count a separate and distinct violation of Title 18, United States Code, Section 1014.

**COUNT EIGHTEEN**
**(Bank Fraud 18 U.S.C. § 1344)**

At all times relevant to this Indictment:

41. Paragraphs 8 through 22 and 29 through 39 are hereby realleged and incorporated as if set

11

forth in full herein.

42. On or about April 30, 2020, in the District of Puerto Rico and within the jurisdiction of this Court, the defendant,

**RICHARD RAMOS HERNANDEZ,**

aided and abetted by others, did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, as detailed in paragraphs 8 through 22 and 29 through 39 of the Indictment, the deposits of which were insured by the FDIC, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, and by omission of material facts, certain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of a financial institution in connection with the submission of a PPP Borrower Application Form.

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS NINETEEN THROUGH TWENTY
## (AGGRAVATED IDENTITY THEFT, 18 U.S.C. § 1028A(a)(1))

43. Paragraphs 8 through 22 and 29 through 39 are hereby realleged and incorporated as if set forth in full herein.

44. On or about each of the dates set forth below, within the District of Puerto Rico and elsewhere, and within the jurisdiction of this Court, the defendant,

**RICHARD RAMOS HERNANDEZ,**

aided and abetted by others, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another real person, as detailed in each count set forth below, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), namely, bank fraud in violation of 18 U.S.C. § 1344, knowing that the means of identification belonged to another actual person:

| COUNT | DATE (On or about) | DOCUMENT | MEANS OF IDENTIFICATION |
|---|---|---|---|
| 19 | April 30, 2020 | Paycheck Protection Program Borrower Application Form | Name, address, and signature, of person with initials M.M.T. |
| 20 | April 30, 2020 | Promissory Note | Name and signature of person with initials M.M.T. |

All in violation of Title 18, United States Code, Section 1028A(a)(1).

### FORFEITURE NOTICE

45. The allegations in this Indictment are realleged and incorporated by reference for the purpose of providing notice of forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 28 U.S.C. § 2461(c).

46. The United States gives notice to the defendant charged in this Indictment, that upon conviction of any of the offense alleged in Count 18 of this Indictment, the defendant shall forfeit to the United States of America, pursuant to 18 U.S.C. § 981(a)(1)(C), (D)(v), and (D)(vi) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

### Substitute Assets

47. The defendant charged in this Indictment are notified that if property subject to forfeiture, because of any act or omission of the defendant,

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by reference in 18 U.S.C. § 982(b) and 28 U.S.C. § 2461(c).

TRUE BILL

FOREPERSON
Date: 7/31/2024

W. STEPHEN MULDROW
United States Attorney

TIMOTHY HENWOOD
Digitally signed by TIMOTHY HENWOOD
Date: 2024.07.25 09:07:38 -04'00'

for: Seth A. Erbe
Assistant United States Attorney
Chief, Financial Fraud & Public Corruption Section

Jose Capo-Iriarte
Special Assistant U.S. Attorney

Jose Carlos Diaz-Vega
Special Assistant U.S. Attorney